IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHNNY LEE SANDERS, JR., )
    Plaintiff, )
 )
vs. )  CIVIL ACTION NO.
 )
 )  CIV 20 1279 JD
ALLEGIS GROUP COMPANY, )
DBA, AEROTEK STAFFING )  JURY TRIAL DEMANDED
AGENCY, INTEGRIS BAPTIST )  ATTORNEY LIEN CLAIMED
MEDICAL CENTER, Jointly and )
Severally and ALICIA LOZANO, )
TAYLOR SINGLETON, NANCY )
(last name unknown), KATELYN )
(last name unknown) and Wayne (last )
name unknown) in their Official and )
Individual Capacities, )
    Defendants. )

FILED
DEC 22 2020
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

    NOW COMES Johnny Lee Sanders, Jr., hereinafter called Plaintiff, complaining of and about Aerotek Staffing Agency and Integris Baptist Medical Center, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### PARTIES

1.    Plaintiff Johnny Lee Sanders, Jr. is a black adult male and citizen of the United States and the State of Oklahoma and resides in Oklahoma County, Oklahoma.

2.    The Defendants are:

1

A. Allegis Group Company, DBA Aerotek Staffing Agency, a domestic company doing business in Oklahoma County, Oklahoma; 3600 NW 138th St. Ste 201, Oklahoma City, OK 73134 (405) 254-2300

B. Integris Baptist Medical Center, an Oklahoma Corporation doing business in Oklahoma County, the State of Oklahoma; 3300 NW Expy, Oklahoma City, OK 73112 (405) 949-3011

C. Alicia Lozano, an employee and or agent acting separately or in behalf of Aerotek Staffing Agency, an Oklahoma Corporation doing business in Oklahoma County, the State of Oklahoma;

D. Taylor Singleton, an employee and or agent acting separately or in behalf of Aerotek Staffing Agency, an Oklahoma Corporation doing business in Oklahoma County, the State of Oklahoma;

E. Nancy (full legal name unknown) Housekeeping Supervisor, an employee and or agent acting separately or in behalf of Integris Baptist Medical Center, an Oklahoma Corporation doing business in Oklahoma County, the State of Oklahoma;

F. Katelyn (full legal name unknown), an employee and or agent acting separately or in behalf of Integris Baptist Medical Center, an Oklahoma Corporation doing business in Oklahoma County, the State of Oklahoma.

G. Wayne (full legal name unknown), an employee and or agent acting separately or in behalf of Integris Baptist Medical Center an Oklahoma Corporation doing business in Oklahoma County, the State of Oklahoma

**JURISDICTION AND VENUE**

3. Plaintiff asserts causes of action based on employers (a) numerous acts of knowingly and maliciously potentially exposing Plaintiff to Covid-19 and other deadly contagious pathogens, in violation of Plaintiff's rights under public policy to a healthy and safe work environment; (b) discrimination based on race (Black),

2

age (60), being exposed to covid-19 rooms that were initially assigned for a young white female housekeeping employee to clean, in violation of Title VII of Civil Rights Act of 1964 as amended, and the Age Discrimination in Employment Act (ADEA) of 1967 as amended and also a claim pursuant the Federal Arbitration Act, Title 9 U.S.C. § 1, et. Seq.

4.     Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 42 U.S.C. § 2000e et seq., as amended, specifically, 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 2000e5(3), 42 U.S.C. § 12117(a), 28 U.S.C. §§ 1331 and 1343(3). This Court has supplemental jurisdiction over State law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy as well as arising out of the same core of operative facts.

5.     The employment practices hereinafter alleged to be unlawful were committed in the State of Oklahoma, Oklahoma County, and venue is appropriate in this United States District Court for the Western District of Oklahoma under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## NATURE OF ACTION

6.     This is an action to which employers violated 29 U.S.C. § 651 et. Seq., as it affects public policy which has been made actionable only recently through Senate Bill 1946 c. 159, § 1, emerg. eff. May 21, 2020 in the State of Oklahoma pursuant O.S. Title 76 § 111; have violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et. seq., as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of age.

## CONDITIONS PRECEDENT

7.     All conditions administratively precedent to jurisdiction have occurred or been complied with:  a) a complaint was filed with OSHA for the intentional potential exposure to Covid-19, it was denied  for being untimely; b) a complaint was filed with The State Department of Health, they refuse to respond; c) a

3

complaint was filed with the Office of Civil Rights Enforcement, on the 1st day of October, 2020, an order of dismissal was issued for lack of jurisdiction, Plaintiff sought reconsideration it was denied November 9, 2020, with a October 1, 2020, Notice of Rights; d) a charge of discrimination, retaliation and a violation of public policy was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and the Equal Employment Opportunity Commission on 15th day of December, 2020, determined that "Based on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." See Exhibit list for attached administrative exhaustions.

## FACTS

8.  Plaintiff was 60 years old at the time of the events in this complaint.

9.  Plaintiff is an American Black male of possible African and Apache ancestry, standing approximately 5'7" tall, with brown eyes, a medium brown complexion and Plaintiff wears closely trimmed, graying head and facial hair.

10. Plaintiff began his employment with Aerotek Staffing Agency on approximately the 18th day of December, 2019.

11. During his employment with Aerotek Staffing Agency, Plaintiff's work services were contracted to the assigned post of Integris Baptist Medical Center (IBMC).

a.  IBMC is a hazardous jobsite that requires Personal Protective Equipment.

12. Plaintiff became a member of the Graveyard Shift, Housekeeping team at IBMC.

13. The hours for the graveyard shift housekeepers were from 10:30pm until 7:00am.

14.  At the time relevant to this action there were 3 to 4 persons assigned as graveyard shift housekeepers.

15.  Plaintiff was the oldest housekeeper working on the graveyard shift at IBMC.

16.  Katelyn (whose last name is unknown at this time) is an employee of IBMC.

17.  Katelyn is a young American female of White and or European ancestry in her mid to late twenties.

18.  Katelyn was the Graveyard Shift Lead/Housekeeper.

19.  Katelyn trained the plaintiff to graveyard shift housekeeping duties and the safety responsibilities as she thought them to be, to include the use of Personal Protective Equipment (P.P.E.).

20.  One night sometime in early January, 2020, Plaintiff was assigned a room, to clean and sanitize, on the hospital's burn unit that had housed a patient with a deadly waterborne pathogen.

21.  Plaintiff was instructed by the nurses to remove the infected bed from the contaminated room.

22.  Plaintiff, using the internal IBMC phone system, called one of the more experienced housekeepers (Dan whose last name is unknown at this time) for instructions on the removal of contaminated beds.

23.  Plaintiff, was instructed by Dan, to not enter the room until the bed in question, could safely be remove.

24.  After removing the bed with assistance from Dan, in what Plaintiff believed to be proper protocol, the bed having never been sanitized was placed by another housekeeper in another room.

25.  A patient with other underlying illnesses was killed by the waterborne pathogen that remained on that bed.

26. The movement of the bed in question was all caught on the hospital's camera surveillance system.

27. Plaintiff was approached by Nancy (whose last name is unknown at this time) and informed that he had done nothing wrong, but to never speak of this incident again.

28. Nancy is an employee of IBMC

29. Nancy was the housekeeping supervisor.

30. Nancy is of possible Hispanic ancestry.

31. Sometime in March of 2020, the State of Oklahoma announced its first positive case of the Corona Virus "Covid-19".

32. On March 12, 2020, Katelyn order Plaintiff and the other two assigned graveyard shift housekeepers to follow her to the Emergency Room (ER).

33. Katelyn was wearing P.P.E over her nose and mouth.

34. Katelyn, without warning, lead Plaintiff and the other two housekeepers to the ER's restricted Covid-19 quarantine area.

35. Plaintiff was not afforded any P.P.E. on this occasion of potential exposure to Covid-19 at the ER.

36. Plaintiff was not noticed by Katelyn that P.P.E. was needed for this potential exposure to Covid-19.

37. Plaintiff on the 16th day of March, 2020 reported the March 12, 2020, incident of potential exposure to Covid-19 in writing to Wayne (whose last name is unknown at this time).

38. Wayne is an employee of IBMC

39. Wayne was the evening shift Manager.

40. Wayne is of possible Black/African American ancestry.

41. On March 16, 2020, Wayne held a meeting in his office for the graveyard shift housekeeper's.

42.  The meeting mentioned in paragraph 41, addressed the incident of potential exposure to Covid-19 outlined in paragraph's 32-36 of this complaint.

43.  Wayne concluded that he had no authority to address the situation and that it would be passed on to his superiors.

44.  The incident of potential exposure to Covid-19 outlined in paragraph's 32-36 were never formally addressed by Aerotek Staffing Agency or IBMC.

45.  From that point forward, all Covid-19 rooms that needed to be cleaned, which were randomly assigned by the hospital's bed-board to each graveyard shift employees, would then be vengefully reassigned by Katelyn for Plaintiff to clean.

46.  Plaintiff reported this to Nancy and Wayne, who both had given Katelyn permission to alter the Covid-19 cleaning assignments.

47.  Nancy and Wayne alleged that Katelyn was pregnant and that that somehow exempted her from cleaning Covid-19 rooms.

48.  Plaintiff's concerns then became, if employees cleaning Covid-19 rooms are all wearing the proper P.P.E. how can anyone be exempted.

49.  Aged Blacks are notably at a higher risk of death from the Covid-19 virus than younger pregnant White females.

50.  After weeks of complaining to Wayne about not being provided proper P.P.E., a P.P.E. (N95 mask) fit test was given to plaintiff.

52.  It was documented at that time that Plaintiff's N95 mask was not properly sealing to his face.

51.  The fit test was made approximately two weeks before plaintiff was suspended and ultimately terminated.

## BREACH OF CONTRACT & VIOLATION OF PUBLIC POLICY

Plaintiff incorporates all prior allegations and further alleges:

52. From the date of Plaintiff's hire, Aerotek breached any agreement made with the Plaintiff party by failing to follow Federally Regulated mandates for hazardous jobsites.

53. Aerotek knowingly placed Plaintiff at an intentional risk of exposure to disease and death violating public policy and breaching all agreements.

54. Aerotek knowingly and wantonly placed Plaintiff on a hazardous jobsite without the proper protective provisions in place for him placing Plaintiff at an intentional risk of exposure to disease and death.

55. Aerotek's failure to assess the jobsite hazards consistent with the Federal Regulations placed Plaintiff at an intentional risk of exposure to disease and death.

56. Aerotek's failure to update the assessment of the jobsite hazards after the introduction of the corona virus consistent with the effected Federal Regulations placed the Plaintiff at an intentional risk of exposure to disease and death.

57. Aerotek's failure to provide the Plaintiff a P.P.E. fit test in a timely manner placed the Plaintiff at an intentional risk of exposure to disease and death.

58. Aerotek's being aware that Plaintiff wears facial hair, and having failed to provide Plaintiff with the proper P.P.E. placed Plaintiff at an intentional risk of exposure to disease and death.

59. Aerotek knowingly and maliciously assigned Plaintiff to duties that required the use of a protective mask and failed to provide one that properly fit placing Plaintiff at an intentional risk of exposure to disease and death.

60. Aerotek provided Plaintiff mask that were Federally prohibited for his use, placing the Plaintiff at an intentional risk of exposure to disease and death.

## AGE & RACE DISCRIMINATION

Plaintiff incorporates all prior allegations and further alleges:

61. Katelyn is a young white female.

62. Plaintiff is an older black gentleman.

63. Katelyn alleged at the time of these events to be pregnant.

64. Katelyn alleging to be pregnant was continuing to clean hospital rooms.

65. Katelyn's pregnancy did not prohibit her from the task of cleaning hospital rooms.

66. Katelyn's pregnancy did not prohibit her from wearing Person Protective Equipment (P.P.E.).

67. Plaintiff was terminated for refusing to clean covid-19 rooms without proper P.P.E. being provided to him.

68. Katelyn was exempted from only cleaning covid-19 rooms by IBMC.

69. Katelyn was more than capable of cleaning covid-19 rooms.

70. Plaintiff being older and black was forced to clean covid-19 rooms assigned to Katelyn.

71. Aerotek and IBMC were aware that Plaintiff's protective mask was not sealing.

72. Aerotek and IBMC while protecting Katelyn from jobsite hazards thereby acknowledge the actual presence of danger.

73. Aerotek and IBMC did in fact intentionally discriminate by failing to protect Plaintiff from the same hazards that they were protecting Katelyn from.

74. Aerotek and IBMC failed to provide equal protection.

## RETALIATION AND WRONGFUL TERMINATION

Plaintiff incorporates all prior allegations and further alleges:

75. In March of 2020 Plaintiff reported in writing that Katelyn intentionally attempted to expose him and other blacks to the corona virus.

76. In April of 2020 Plaintiff called Taylor Singleton, Aerotek recruiter, for jobsite reassignment based upon Katelyn's developing authority abuses and jobsite hostilities, reassignment was denied.

77. In May of 2020 Alicia Lozano, acting in her individual capacity and or on behalf of Aerotek and IBMC, initiated fabricated questions of performance deficiencies against the Plaintiff that were prompted by Katelyn.

78. Plaintiff was emailed a written disciplinary warning by Alicia Lozano, acting in her individual capacity and or on behalf of Aerotek and IBMC, for not responding on a walkie talkie to Katelyn in a prompt manner.

79. Katelyn was using the walkie talkies to force Plaintiff into cleaning covid-19 rooms that were initially assigned to her (Katelyn) and other housekeepers.

80. Plaintiff after finding out through fit testing that the N95 mask that he was being provided by the Defendant's was not protecting him, Plaintiff was still being forced to clean covid-19 rooms.

81. Plaintiff told Wayne that he (the Plaintiff) was not going to clean another covid-19 room without the proper P.P.E.

82. Alicia Lozano, acting in her individual capacity and or on behalf of Aerotek and IBMC, suspended Plaintiff pending an investigation for allegedly refusing to clean covid-19 rooms.

83. Alicia Lozano, acting in her individual capacity and or on behalf of Aerotek and IBMC, terminated Plaintiff for the walkie talkie disciplinary warning and allegedly refusing to clean two covid-19 rooms.

84. Plaintiff was alleged to have been terminated for refusing to clean two covid-19 rooms that were not originally assigned for him to clean.

## DAMAGES

85. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a. All damages allowed by State law;

b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

c.      Back pay from the date that Plaintiff was wrongfully terminated and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

d.      All reasonable and necessary costs incurred in pursuit of this suit;

e.      Emotional pain and fear of potential exposure to covid-19;

f.      Interest;

g.      Loss of enjoyment of life due to fear of potential exposure to covid-19;

h.      Mental anguish in the past due to fear of potential exposure to covid-19;

i.      Mental anguish in the future; and

k.      Loss of benefits.

## LIQUIDATED DAMAGES

86.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed willfully. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for liquidated damages.

## SPECIFIC RELIEF

87.     Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.      1.5 Million dollars for every separate and distinct covid-19 room that Plaintiff was intentionally and maliciously deceived into cleaning without being afforded proper fitting Personal Protective Equipment.

b.      Loss of all income from May 26, 2020 until October 21, 2020 with maximum interest allowed due to Aerotek's interference with Plaintiff's claims for unemployment assistance.

c.      Cost of self-quarantine at Motel from April 2020 until June 2020 with maximum interest allowed due to potential exposure to covid-19.

11

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Johnny Lee Sanders, Jr., respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; liquidated damages, together with maximum interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

RESPECTFULLY SUBMITTED THIS 22 DAY OF December, 2020

By:

/S/ Johnny Lee Sanders, Jr.
Pro Se
E-Mail: jlsparalegalparlor@gmail.com
5408 N. Everest Avenue
Oklahoma City, Oklahoma
Tel. (405)590-4244

Exhibit List

a. U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Dismissal and Notice of Rights

b. OFFICE OF ATTORNEY GENERAL STATE OF OKLAHOMA OCRE Complaint No. CR-20-0133-E Cover letter

c. OFFICE OF ATTORNEY GENERAL STATE OF OKLAHOMA OCRE Complaint No. CR-20-0133-E Order of Dismissal

d. OFFICE OF ATTORNEY GENERAL STATE OF OKLAHOMA OCRE Complaint No. CR-20-0133-E Application for reconsideration letter of denial.