IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHNNY LEE SANDERS, JR.,   )
          )
   Plaintiff,    )
          )
v.          )  Case No. CIV-20-01279-JD
          )
AEROTEK INC.,     )
          )
   Defendant.   )

## ORDER

Before the Court is Plaintiff Johnny Lee Sanders, Jr.'s Motion for Reconsideration and for Permission to Appeal under Federal Rule of Appellate Procedure 5(a)(3) ("Motion") [Doc. No. 63]. Defendant Aerotek Inc. filed a Response in opposition [Doc. No. 67], to which Plaintiff replied [Doc. No. 68]. Plaintiff asks the Court to reconsider part of its ruling on Aerotek's Motion to Dismiss, *see* Order [Doc. No. 60], or, alternatively, grant him permission to appeal the issue under Federal Rule of Appellate Procedure 5(a)(3). Upon consideration, the Court denies the Motion.

On June 30, 2023, the Court dismissed without prejudice Plaintiff's claims against Aerotek for breach of contract and wrongful discharge in violation of public policy. Order [Doc. No. 60]. In a Supplemental Brief to its Motion to Dismiss [Doc. No. 31], Aerotek argued that a statute cited in Plaintiff's Complaint [Doc. No. 1], Okla. Stat. tit. 76, § 111, provided no private cause of action that Plaintiff could pursue. [Doc. No. 31] at 6–7. While Plaintiff argued in a previous brief that § 111 "[p]lac[ed] tort liability on all employer offenders," [Doc. No. 16] at 7, he did not respond to Aerotek's argument in the

Supplemental Brief that the statute provided no private right of action. *See* Plaintiff's

Response to Supplemental Brief [Doc. No. 33].

In its Order dismissing Plaintiff's breach of contract and violation of public policy

claims, the Court concluded that § 111 did not create a private cause of action. Order

[Doc. No. 60] at 11–12. Now, for the first time in the Motion to Reconsider, Plaintiff

provides extensive discussion and argument of the legal basis to find the existence of a

private cause of action under § 111.

"Grounds warranting a motion to reconsider include (1) an intervening change in

the controlling law, (2) new evidence previously unavailable, and (3) the need to correct

clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005,

1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948

(10th Cir. 1995)). "[A] motion for reconsideration is appropriate where the court has

misapprehended the facts, a party's position, or the controlling law. . . . It is not

appropriate to revisit issues already addressed or advance arguments that could have been

raised in prior briefing." *Id.* (citations omitted).

The arguments advanced in the Motion could have been raised in prior briefing, as

they are responsive to Aerotek's earlier contention that § 111 does not create a private

cause of action. Further, Plaintiff has not shown the Court that it has misapprehended the

facts, his position, or the controlling law on the issue. Therefore, Plaintiff has not shown

grounds that would warrant a motion to reconsider.

Further, permission to file an interlocutory appeal under Federal Rule of Appellate

Procedure 5(a)(3) is denied. "Requests for permission under Rule 5 are read in

conjunction with 28 U.S.C. § 1292(b)." *Craft v. Global Expertise in Outsourcing*, No. CIV-12-1133-R, 2016 WL 5794790, at *2 (W.D. Okla. Oct. 4, 2016). Section 1292(b) provides that district courts may grant permission to file an interlocutory appeal only when an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Plaintiff makes no attempt to show how these conditions are met here. The Court therefore declines to grant Plaintiff permission to file an interlocutory appeal under § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3).

IT IS SO ORDERED this 8th day of August 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE